## Hoag *vs.* McGinnis.

Where parties entered into a submission to arbitration, and bound themselves in a *penalty* of a specified sum as *stipulated damages*, to be paid by the *party faling in performance;* and the submission contained a stipulation that one of the parties should give *notice of five days* to the other of the time of the meeting of the arbitrators, *it was held*, in an action brought on the submission, assigning as a breach the omission to give such notice, that the liquidated damages could not be recovered for such omission, and if the party was liable for the payment of such damages, they could be enforced only for not performing the award when made.

*It seems*, however, that even in the case of the non-performance of the award, the sum specified in the submission would be considered only as a *penalty*, and not as *liquidated damages ;* that in such cases the specified sum will not be held as liquidated damages, except where it is manifest the *parties so intended*, and where it is *difficult* if not *impossible from the circumstances of the case for a jury to arrive at a satisfactory conclusion* as to the amount of damages to be allowed.

Demurrer to declaration. The plaintiff declared in debt for a penalty as stipulated damages, on the following agreement: " Whereas, unfortunately, a difficulty has heretofore existed between Jacob McGinnis, of, &c. and Harvey Hoag, of, &c. of and concerning sundry deal and traffic, &c. now, therefore, to put an end to all dispute, &c. it is hereby reciprocally agreed by and between the said parties, that all their difficulties shall be submitted to the arbitrament of D. J. H. and E. S., both of, &c. to be submitted as follows, viz: each of said parties to appear before the

Hoag v. McGinnis.

said arbitrators, any time hereafter, so as the said award be made in writing, under their hands and seals, on or before the first day of June next, &c. said arbitrators to meet at, &c. The parties are to appear before the said arbitrators, each to tell their own stories on honor, and to have no other witnesses, and from their stories the said arbitrators are to make their award, if they can. And if they cannot agree on their said award, then, and in that case, said arbitrators are to agree on a third person, and the award of any two of them is to be final between the parties, under the penalty of one hundred dollars, to be paid by the defaulting party to the one abiding thereto, this being the stipulated damages agreed upon by and between the said parties. It is also stipulated, that the said McGinnis shall give said Hoag five days notice of the time for said arbitration. In case of sickness of the said parties, whereby the said agreement shall fail, then and in that case, there shall be no penalty attach. In witness, &c. this 5th day of March, 1836." [Signed and sealed by the parties.] The breach alleged was, that McGinnis did " not give to him the said Hoag, five days notice of the time for said arbitration, as conditioned in the said writing obligatory, or any other notice whatsoever; but wholly neglected and refused so to do, contrary to the tenor and effect of the said writing obligatory; by occasion whereof the said plaintiff hath been greatly damaged, in not receiving his just demands, arising out of their difficulties aforesaid, viz: the sum of one hundred dollars, of and from the said defendant, and hath been put to great trouble and expense in being kept out of the same, and their accounts and matters otherwise being unsettled." By means, &c. whereby an action hath accrued, &c. to demand the sum of one hundred dollars, &c. Demurrer and joinder.

*Adams & Watson,* for the defendant.

*J. D. Jordan,* for the plaintiff.

*By the Court*, Cowen, J. The plaintiff's pleader supposes that the liquidated damages were intended, among other things, as a compensation for not giving notice of the hearing. I think not. The language of the parties is shortly this: " The award is to be *final* between the parties, under penalty of $100, to be paid by the defaulting party to the one abiding thereto," (i. e. the award.) The parties, not being lawyers, supposed that even after the award, one might, as the vulgar phrase is, " fly" or " back out," and the penalty was hung up *in terrorem* to prevent such a consequence. It is, after all, but the usual penalty for not performing an award. Suppose that had been for the payment of money, only six cents, to the plaintiff, ought he to have the " due and forfet of his bond ?" So, if the defendant had revoked the authority to award, on being convinced that his judges were not indifferent. After all the substantial provisions and this penalty for not abiding the award, comes the collateral provisions regulating the practice between the parties. To this the penalty cannot be made applicable without straining and forcing the apparent meaning of the parties beyond all precedent. It is supposed that the defendant, by omitting the notice, defeated the arbitration. Not so. It is of the nature of such a proceeding, that either party may give notice, and convene the arbitrators. *Watson on Arb. and Awards*, 73. A stipulation by one party to give so many days' notice, does not curtail the power of the other to proceed in the usual way. The agreement might fail by reason of sickness, or in various ways, beside ommitting the notice.

But it would be a sufficient argument for withholding the penalty, if the question were equal whether the parties intended the payment of $100 for not giving the notice, or did not so intend. I do not think that penalties like this (for they are seldom any thing other than penalties,) should be favored. I yielded my assent to the opinion in *Dakin* v. *Williams*, 17 *Wendell*, 447, for the reason which there governed the chief justice, viz : because, on the whole contract, we could not *doubt* the parties intended that the damages should be paid for violating the stipulation in question,

and because it was difficult, not to say impossible, from its nature, that the damages for a breach could be ascertained by a jury. The latter may be said of failing to give the five days' notice; but we want the clear intent of the parties, that such an omission was to be punished by such a disproportionate fine. It is evidently upon that clear intent that *Dakin* v. *Williams* went; and that could the chief justice have brought himself to doubt, he would never have consented to apply the penalty. It is commonly hard enough in such cases that we should be bound by the letter; though such is the result of the cases, where liquidation is impossible. The creditor is a very apt apprentice in the art of enlarging any opening which the law leaves him for encroachment; while the debtor, especially if he be poor or embarrassed, is most complying; and could he have his way, would prove his own worst enemy. Hence our usuary laws, and the system of equitable relief against penalties. To allow of the use of penalties as damages, at the unlimited discretion of the parties, would lead to the most terrible oppression in pecuniary dealings. The fair and just rights of the creditor are worthy of all protection; but no more than the debtor's right to exemption, from what is beyond an honest compensation to his creditor.

On this declaration, I am clear there should be judgment against the plaintiff.

Judgment for defendant; with leave to the plaintiff to amend.