GEORGE HOSMER, Jun. *vs.* H. M. TRUE and C. F. TRUE.

Whether a sum agreed to be paid as damages for the violation of an agreement shall be considered as liquidated damages, or only a penalty, depends upon the meaning and intent of the parties, as gathered from a full view of the provisions of the contract, the terms used to express such intent, and the peculiar circumstances of the subject matter of the agreement.

An instrument in writing was executed by the defendants, reciting that C. A. H. and E. T. H. claimed to have an unliquidated claim and demand against H. T., and that H. T. had agreed to meet the said C. A. H. at a place and on a time specified, for the purpose of endeavoring to settle the said claim or demand. n consideration of the premises, and of one dollar, the defendant promised and agreed to and with the said C. A. H. that H. T. should and would appear at the place, and on the day mentioned, and then submit a proposition for settlement of the said claim or demand, or in default thereof, they, the obligors, bound and obliged themselves to the said C. A. H. and E. T. H. to pay to them the sum of $10,000, to be applied on any such existing demand to that amount. And in case the obligors, or either of them, should appear at the place and at the time specified, with the said H. T., and submit a proposition for settlement, then the instrument should be void; otherwise to remain in full force and virtue.

*Held*, 1. That the consideration was sufficient, independent of the nominal sum acknowledged to have been paid.

2. That the intention of the parties was clear, that the obligors should pay a certain liquidated amount, to be applied in satisfaction to that extent, of the sum claimed to be due, in case the alleged debtor failed to appear and perform according to his agreement.

3. That the agreement had none of the features of a mere penal obligation; nor was it an agreement to pay any less amount which might be found due, on settlement. But that the amount was fixed and certain, and its application, when paid, expressly provided for.

4. That the defendants were sureties for the performance of the principal debtor, and the agreement operated as the settlement of a disputed claim, to the amount specified, the moment the condition was broken. And that, upon such breach occurring, the whole $10,000 was recoverable.

5. That in an action upon such instrument, by an assignee, it was not necessary for the plaintiff to allege in his complaint the assignment to himself of the original claim; the assignment of the obligation drawing the original claim after it, to that extent, at all events.

THIS was an appeal, by the plaintiff, from a judgment entered at a special term upon the report of a referee, allowing a demurrer to the complaint. The action was brought upon the following instrument:

Hosmer *v.* True.

" *Rochester, September 22d,* 1851.

It being understood that Charles A. Hosmer and Edward T. Hosmer claim to have an unliquidated claim and demand against Hiram True, late of California, and that the said Hiram True has agreed to meet Charles A. Hosmer, one of the said firm of C. A. and E. T., at the American Hotel, in the village of Geneseo, county of Livingston, for the purpose of endeavoring to settle the said claim or demand, on or before the 29th day of September instant, at 4 o'clock P. M., of which day the said Charles A. Hosmer shall have due and timely notice thereof, in consideration of the premises and one dollar to us in hand paid, the undersigned, Henry M. True and Cyrus F. True, promise and agree to and with the said C. A. Hosmer, that the said Hiram True shall and will appear at the place, and on the day, and at the time above mentioned, and then submit a proposition for settlement of the said claim or demand, or, in default thereof, we, the undersigned, bind and oblige ourselves to the said C. A. and E. T. Hosmer to pay to the said C. A. and E. T. Hosmer the sum of ten thousand dollars, to be applied on any such existing demand to that amount; and in case the said Henry M. True and Cyrus F. True, or either of them, shall appear at the above mentioned place, and at the time specified, with the said Hiram True, and submit a proposition for settlement, this agreement shall be void, otherwise to remain in full force and virtue.

Attest, E. H. Hall.            H. M. TRUE,

C. F. TRUE."

The complaint alleged that the said Charles A. Hosmer did attend at the time and place specified in the instrument, but that the said Hiram True did not meet him, nor appear there, nor was any proposition for the settlement of the claim mentioned in the instrument submitted to the said Charles by or on behalf of the said Hiram, nor was any notice given to the said Charles A. Hosmer that the said Hiram would so appear at any time before that specified in the instrument; but that the agreement contained in the said instrument, and the condition upon which the said instrument was to become void, as therein specified, were and still remained wholly unfulfilled and uncomplied

with. And the plaintiff averred that, upon a fair and just account and settlement, a large amount, to wit, the sum of ten thousand dollars, would be found to belong and be due from the said Hiram True to the said Charles A. Hosmer and Edward T. Hosmer. The plaintiff further alleged that the said Charles A. Hosmer and Edward T. Hosmer, before the commencement of this action, for a valuable consideration, assigned and transferred the said instrument, and all their interest in, and right under, the same to him, and that he was now the owner thereof, and entitled to all the rights and interests that the said Charles A. Hosmer and Edward T. Hosmer had by virtue thereof. Wherefore the plaintiff claimed judgment against the defendants for the said sum of ten thousand dollars and interest.

The defendants demurred to the complaint, and specified the following grounds of objection : First. That it did not state facts sufficient to constitute a cause of action ; for, 1. It did not appear by the complaint that there was any consideration for the execution and delivery of the instrument ; and that such instrument was therefore void for want of a consideration. 2. That it did not appear from the complaint, nor was it alleged therein, that Charles A. Hosmer and E. T. Hosmer lost any thing, or suffered any damage, by the failure of Hiram True to submit the proposition mentioned in the instrument. 3. That the instrument provided for the payment of the sum of ten thousand dollars by the defendants, by way of a penalty, in default of Hiram True appearing on a certain day and place, and submitting a proposition, &c., which provision was void in law. 4. That the instrument was void for uncertainty. 5. That it did not appear that the claim of C. A. and E. T. Hosmer against Hiram True, mentioned in the instrument in writing, had ever been assigned to the plaintiff, or that he had any interest therein.

Second. That there was a defect of parties plaintiff apparent in the complaint; for it did not appear that the plaintiff had any right to bring or prosecute this action. That the " unliquidated claim and demand against Hiram True," mentioned in the said instrument in writing, had not been assigned to the plain-

tiff by C. A. and E. T. Hosmer, nor did it appear that the plaintiff had any interest therein.

The referees reported that the complaint was insufficient, and that the defendants were entitled to judgment; and judgment was accordingly entered in their favor.

*Amos Dann*, for the plaintiff.

*L. Farrar*, for the defendants.

*By the Court*, JOHNSON, J.   Whether a sum agreed to be paid as damages for the violation of an agreement, shall be considered as liquidated damages or only a penalty, depends upon the meaning and intent of the parties as gathered from a full view of the provisions of the contract, the terms used to express such intent, and the peculiar circumstances of the subject matter of the agreement. (*Dakin* v. *Williams*, 17 *Wend.* 447. *S. C.* 22 *Id.* 201.)   The contract in such cases, as in every other, is to govern, and the true inquiry is, what was the undertaking.   Whether it was folly or wisdom for the contracting parties thus to bind themselves, is of no consequence, if the intention is clear.

It is alleged in the complaint that, at the time the agreement upon which this action is brought was entered into, Hiram True was justly indebted to his former partners, C. A. and E. T. Hosmer, in the sum of ten thousand dollars, could a fair settlement have been had.   If this is a material allegation, it is admitted by the demurrer.   The agreement itself recites that the two Hosmers claimed to have a large unliquidated demand against the said Hiram True, which they were desirous to have settled and adjusted.   And that said True had agreed to meet one of the Hosmers, on or before a certain day, at a certain place, for the purpose of endeavoring to settle the said claim.

Then follows the undertaking, that in consideration of the premises and of one dollar in hand paid, the said Hiram should appear at the day and place specified, and submit a proposition

for the settlement of said demand. And in default thereof, that the defendants would pay ten thousand dollars to the said Hosmers, to be applied on any existing demand to that amount. In case either of the defendants appeared with the said Hiram, as specified, and submitted a proposition, the agreement was to be void, otherwise of force.

The consideration is sufficient, independent of the nominal sum acknowledged to have been paid. The assertion of a valid claim by one party against another has always been held to be a sufficient consideration to uphold a promise made by such other to pay it or any portion of it, or to arbitrate, or to do any other act in reference to its settlement or payment. It is an undertaking in writing, and expresses the consideration on its face, and it makes no difference that the claim was not against one of the parties signing the instrument. It is a promise in behalf of the person against whom the claim was made, and relates to the settlement of the claim.

That portion of the agreement relating to the application of the ten thousand dollars, determines its character as to the nature of the damages, and leaves no room for doubt as to the intention of the parties. It was not the damages which the Hosmers should or might sustain, by reason of the non-appearance, which were agreed to be paid, but a certain liquidated amount to be applied in satisfaction, to that extent, of the sum claimed to be due. It was, in short, a promise to pay that amount upon the claim made, in case the alleged debtor failed to appear and perform according to his agreement. It has none of the features of a mere penal obligation. Nor is it an agreement to pay any less amount which might be found due on settlement. But the amount is fixed and certain, and its aplication, when paid, expressly provided for. It was to extinguish the claim to that extent, when paid, irrespective of the actual state of the indebtedness upon an accounting. The claim is in effect recognized and admitted to that extent, and agreed to be paid upon the event of a failure of the alleged debtor to appear and attempt to settle. The defendants are sureties for the performance of the principal debtor, and the agreement operates as the

settlement of a disputed claim to that amount, the moment the condition is broken.

It was not necessary for the plaintiff to allege in his complaint the assignment to himself of the original claim. The assignment of this obligation draws the original claim after it, to that extent, at all events. And a payment upon this obligation would operate necessarily to extinguish so much of the original claim of indebtedness.

The action is well brought for the recovery of a sum certain, upon the promise, and the judgment of the special term must be reversed, with leave to the defendants to answer on payment of costs.

[MONROE GENERAL TERM, December 4, 1854. *Johnson, Welles* and *T. R. Strong,* Justices.]