## Staples *vs.* Parker.

A stipulation or agreement entered into by the counsel for the respective parties on the trial of a cause, and in the face of the court, relative to the conduct of the suit and the proceedings therein, and entered in the minutes, is binding and conclusive upon the parties.

The rule which requires all agreements between parties and their attorneys, in respect to the proceedings in a cause, to be in writing, has no application to that class of stipulations.

By a written agreement under seal between the plaintiff and defendant, the former agreed to sell and convey to the latter a farm of 400 acres, and to transfer to him certain personal property thereon, consisting of a great number of articles; which sale and transfer were not necessarily to be simultaneous acts. And the defendant agreed to pay and secure to the plaintiff the sum of $7500 as the price or consideration of such sale and transfer. The parties then bound themselves, their heirs &c., in the sum of $1000, that in case either party should, in any way, fail to fulfill or perform the contract, or any part or portion of it, then the party in default should pay unto the other the said sum, "the same being agreed upon by the said parties as actual and assessed damages, and the same to be paid without suit or litigation." *Held* that the sum named was intended by the parties as a *penalty*, and not as *fixed and liquidated damages.*

THIS action was for the breach of a contract to purchase real estate and personal property. The contract contained a clause fixing and liquidating the damages, in case of failure to perform, at $1000. The defendant gave evidence tending to show his readiness and willingness to perform the contract on his part on the 1st April, 1863. During the progress of the trial many objections were made to the admission and rejection of evidence by the respective parties, and exceptions taken by each party to the ruling of the court thereon; but at the close of the trial it was agreed by the counsel for the respective parties, that the court should submit to the jury the question whether the plaintiff had performed or was ready and willing and offered to perform the contract on his part on the first of April, 1863, and whether the defendant performed or was ready and willing to perform the contract on his part on the 1st April, 1863, and in case the jury should find in favor of the plaintiffs on

Staples *v.* Parker.

these questions that the jury should assess the plaintiff's damages by reason of the breach of the contract by the defendant, and that upon such assessment being made by the jury a verdict should be rendered in favor of the plaintiff for $1000, being the damages stipulated in the contract, subject to the opinion of the court at general term, upon the sole question whether under the agreement given in evidence the plaintiff was entitled to recover said sum of $1000. And that all other questions of law raised in the case should be waived. And in case the court at general term should decide that the plaintiff was not entitled to recover said sum of $1000 as stipulated damages, then that judgment should be entered upon the amount at which the jury should assess the plaintiff's damages. This agreement of counsel was made in open court, and the cause was submitted to the jury under it, by the court. The court charged the jury as to the questions of fact agreed to be submitted to the jury, and the jury retired in charge of a constable and returned into court and returned a verdict in favor of the plaintiff for $55.50 damages. The court drew up and ordered the clerk to enter an order in these words: "By the consent of the counsel for the respective parties it is ordered that verdict be entered for the plaintiff, for one thousand dollars, being the damages stipulated in the contract in the complaint mentioned, subject to the opinion of the court at general term, upon the sole question whether under said agreement the plaintiff is entitled to recover said sum of $1000, and all other questions of law in the case are waived. And in case the court at general term shall decide that the plaintiff is not entitled to recover said sum of one thousand dollars, as stipulated damages, then judgment shall be entered upon the verdict for $55.50." The defendant's counsel thereupon objected to said order, but the court overruled the objection and directed that the defendant should abide by his agreement. The defendant's counsel excepted to this decision.

*S. Thomas*, for the plaintiff.

*O. F. Thompson*, for the defendant.

*By the Court*, Bockes, J.  Whatever of irregularity, if any there was, either during the trial or in its ultimate disposition on receiving the verdict of the jury, was expressly waived by the agreement of the parties made in open court, and entered upon the record.  That stipulation the parties had a perfect right to make, and having entered into it, they are concluded by it.  It was held in *Banks* v. *American Tract Society*, (4 *Sandf. Ch.* 438,) that a stipulation or engagement made in open court, touching the subject matter of the suit, was a contract which the court was bound to enforce.  It has, I think, always been the practice to hold parties strictly to their engagements made during the trial and in the face of the court, relating to the conduct of the suit and its proceedings.  The rule which requires all agreements between parties and their attorneys, in respect to the proceedings in the cause, to be in writing, has no application to that class of stipulations.  Such rule was intended to cover arrangements and matters of agreement made by the parties or their attorneys out of court.  The stipulation in this case, entered into on the trial, to the effect that the only question reserved for the court should be whether the sum of one thousand dollars mentioned in the agreement was to be considered stipulated damages, must conclude the parties, and that question is the only one now in the case; all others being disposed of by the stipulation and verdict of the jury.

By the contract between the parties, on which the action is brought, the plaintiff agreed to sell and convey to the defendant his farm, consisting of about four hundred acres of land; also utensils for making cheese and sugar, specifying the several articles; also numerous farming utensils, naming them; a quantity of shingles, a swarm of bees, four shoats, one horse, one bull, three sheep, a number of fowls, a quan-

tity of hay, one hundred bushels of potatoes, fifty bushels of oats, twelve of wheat, six cider barrels, articles of household furniture; together with some other personal property, all particularly specified.

In consideration whereof the defendant agreed to pay him $7500 at the times and in the manner therein stated. Then followed this provision: "And furthermore be it fully understood that we, the above mentioned parties, do hereby firmly bind ourselves, our heirs, executors, administrators and assigns, in the full sum of one thousand dollars, that in case that either party shall in any way fail to fulfill or perform the above specified contract or any part or portion thereof, then the party in default shall full, well and truly pay or cause to be paid unto the other the just and full sum above mentioned, the same being agreed upon by the said parties as actual and assessed damages, and the same to be paid without suit or litigation." It having been found that the defendant failed to fulfill and perform the contract, the question is, shall he recover the sum of one thousand dollars as fixed and liquidated damages?

It will not be denied that parties may contract for the payment of any sum they may choose to adopt as the measure of damages for the breach of an agreement, and when they do so contract it is the duty of the court to hold them to their obligation, without attempting to make for them a new contract or relieve them from hardships which they have voluntarily and understandingly assumed. This principle has always been recognized. But the difficulty in this class of cases has generally arisen from doubts as to the meaning of the language employed, or in regard to the purpose and intent of the contracting parties. As was said in *Hosmer* v. *True*, (19 *Barb.* 106,) the contract in such cases, as in every other, is to govern, and the true inquiry is, what was the undertaking? It has been often held that the terms "fixed damages," "liquidated damages," "settled damages," "actual damages," and words of like general import, do not of

necessity determine the question.   But the intent of the par-
ties must be gathered from a consideration of the terms and
conditions of the agreement and its subject matter.   The
rules established by the courts from time to time and applied
in giving construction to contracts with a view to determine
the intention of parties on the subject of damages, are clearly
and truly stated by Judge Shankland in *Bagley* v. *Peddie*,
(16 *N. Y. Rep.* 469.)   It is unnecessary however here to
consider those rules in detail, as many of them have no direct
bearing on the case in hand.   Prior to the case of *Cotheal* v.
*Talmage*, (5 *Seld.* 554,) it was supposed to have been a
settled principle that when a sum is stipulated to be paid for
the non-performance of any or either of several distinct acts
which a party has agreed to perform, it must be construed
as a penalty.   But this rule of construction is repudiated by
the court of appeals in the case last cited, where, after a
careful examination, it was held that the sum fixed in a con-
tract will be considered as damages, although by the terms
of the agreement it is to be paid on a breach of *any one* of
several stipulations of different degrees of importance, where
the damages arising from the breach of each of them would
be in their nature indefinite.   This case is referred to in the
later case of *Clement* v. *Cash*, (21 *N. Y. Rep.* 253,) where
the principle is approved, (*p.* 259.)   In *Reilly* v. *June*, (1
*Bing.* 302,) the sum agreed upon as stipulated damages was
payable upon the non-performance of *any part* of the agree-
ment; the plaintiff was permitted to recover the whole
amount on proof of a breach of one of the several conditions.
This decision corresponds with the case of *Cotheal* v. *Tal-
mage*, which must be deemed to settle the law in this state,
which before was either unsettled or was supposed to be set-
tled the other way.

But was not the sum mentioned in the agreement in this
case intended as a penalty as to some of the things agreed to
be done and performed by the parties?   If so, then it must
be held to stand as a penalty as to all.   The cases hold that

Staples *v.* Parker.

the sum named cannot be considered as a penal sum as to one part of the agreement without construing it to be such as to the whole. By the agreement the plaintiff was to sell and convey the farm, and also to transfer certain personal property, consisting of a great number of articles, and not necessarily to be simultaneous acts; and the defendant was to pay and secure to him $7500. They then bound themselves in the sum of $1000, that in case either party should in any way fail to fulfill or perform the contract, or any part or portion of it, then the party in default should pay unto the other the said sum, as actual and assessed damages. The parties plainly contemplated the possibility of a part performance, and omission or refusal to perform other parts of the agreement. It provides that in case either party should *in any way* fail to fulfill the contract, *or any part or portion* of it, then, &c. This being so, suppose the plaintiff had fully performed, except the delivery according to the contract, of one or all of the six milk pails, or the cheese press, or the three pitchforks, or the two hoes; or in short had fully performed, except the delivery of any one or of a very few of the various articles enumerated in the contract, which he agreed to transfer and deliver, was it the intent of the parties that he should, in that event, pay the defendant $1000? I think not. This would be so grossly disproportionate to the actual damage or injury as to shock one's sense of justice. The parties could not have intended such extravagant and absurd results. In this view, they must have regarded the sum named as a penalty rather than fixed and liquidated damages.

In my judgment the sum named should be construed as a penalty; and judgment should be directed for the damages proved, $55.50, and costs.

Judgment accordingly.

[CLINTON GENERAL TERM, July 12, 1864. *Potter, Bockes, James* and *Rosekrans,* Justices.]

## MEMORANDUM.