CERERO v. AMERICAN SURETY CO. et al.

(City Court of New York, Trial Term.  May, 1908.)

1. PRINCIPAL AND SURETY—NATURE OF UNDERTAKING—CONSTRUCTION.

Though the liability of a surety is strictissimi juris, his undertaking must be given a fair and reasonable construction in accordance with the ascertained intention of the parties.

2. DAMAGES—LIQUIDATED DAMAGES—PENALTY.

Whether a sum agreed to be paid as damages for breach of contract is in the nature of liquidated damages or a penalty depends on the intention of the parties, to be gathered from the language of the contract and the circumstances of the case.

3. SAME—CONTRACT—CONSTRUCTION.

Plaintiff conveyed to defendant R. certain buildings down to the level of the cellar bottoms and the material constituting the same; all débris, except the old mortar and cement, which might result from taking down the buildings to be removed within 30 days.  R. gave bond in the sum of $1,000, which recited the contract and stated as the condition that, if R. should faithfully perform the contract for the removal of the buildings, then the obligation should be void; otherwise, in full force and effect. *Held*, that the bond could not be regarded as providing for liquidated damages in case of R.'s default, in which event the measure of plaintiff's damages on the bond was such a sum, not exceeding the penalty, as plaintiff had been damnified by R.'s default.

4. DAMAGES—BREACH OF CONTRACT—TIME—SUBSEQUENT CIRCUMSTANCES.

Where a contractor agreed, but failed, to remove certain buildings and the débris within 30 days, his breach of contract occurred at the expiration of the contract period with performance not completed, at which time the measure of plaintiff's damages became fixed, and was not affected by the fact that plaintiff thereafter sold the property to a third person with the débris remaining thereon.

Action by Raphael L. Cerero against the American Surety Company and another.  On motion to set aside a verdict for plaintiff and for a new trial.  Denied.

Davies, Stone & Auerbach, for plaintiff.
Jacob M. Grossman, for defendant Rosoff.
Henry C. Willcox, for defendant surety company.

FINELITE, J.  This is a motion to set aside the verdict of the jury for $500 on the ground that it was against the weight of evidence, contrary to law, and contrary to the evidence.  The action is to recover $1,000 for breach of a written contract, dated June 5, 1905, between the plaintiff and the defendant Rosoff, whereby the plaintiff granted and conveyed to said defendant certain buildings in the borough of Manhattan, city of New York, down to the level of the cellar bottoms

of said buildings and the material constituting the same, and all débris, except the old mortar and cement of the buildings, which may result from taking down said buildings to be removed from the premises, within 30 days from the date thereof. The American Surety Company was made a party defendant by reason of a certain written instrument, dated June 2, 1905, and delivered by it and the defendant Rosoff to the plaintiff on the 5th day of June, 1905, whereby said Rosoff, as principal, and said company, as surety, "are held and firmly bound unto Raphael L. Cerero, of the city of New York, in the sum of one thousand dollars ($1,000)," and further reciting the contract above mentioned and then stating the condition of said obligation, to wit:

"That if the said principal shall faithfully perform said contract on his part in so far as such contract provides for the demolishing and removing of said buildings, then this obligation shall be void; otherwise, to remain in full force and effect."

At the trial plaintiff's evidence was to the effect (testimony of James R. Hay) that the defendant Rosoff failed to remove the débris or any part thereof; that the buildings in question consisted of five adjoining houses, of 20 feet frontage each, upon lands extending about 100 feet into the block; that the cellars, which were of uniform depth of 10 feet each, were filled very nearly to the street level, and in some places above the street level, with the débris resulting from the taking down of the houses; that the amount of old mortar and cement in this mass was very small; that the estimated cost of freeing the premises from this débris, exclusive of old mortar and cement, would be about $1,200. Another witness of the plaintiff testified that 25 per cent. of this mass of débris was other than old mortar and cement; this being his estimate only, based upon a superficial examination. No effort was made by him to accurately determine the exact proportion. In addition to this a large quantity of tin, such as comes from roofs, was on the premises. The frontage of the houses was 100 feet and the depth of the houses into the block was 60 feet. This gave a surface area of 6,000 square feet, and with a depth of 10 feet the cubic contents of the mass was 60,000 cubic feet, or 2,222 cubic yards, plus a small fraction of a cubic yard. The evidence of the character of the débris and the fact that a quantity of tin was left upon the premises was corroborated. The testimony of the defendant Rosoff was that the reasonable cost of removal of the débris such as came from these buildings was $2 a load of 2½ cubic yards, making the total cost, based upon the figures given, of $1,776. If 25 per cent. of this was required to be removed, the pro rata cost would be $444.

The defendants raise the question that the sum sued for was in the nature of liquidated damages, and therefore the jury, finding for the plaintiff upon the issues presented, should have found a verdict for said sum, and that a verdict for a smaller amount cannot be sustained. In considering this question it should be observed that the agreement is by reference made part of the bond, and, therefore, in seeking the extent to which the defendants obligated themselves to the plaintiff and in determining the scope of their liability, the two documents should be read together. Though the liability of a surety is in strictissimi juris, his undertaking must be given a fair and reasonable con-

struction, and the intention of the parties sought to be ascertained, guided by the same rules applicable to the construction of contracts in general. Smith v. Molleson, 148 N. Y. 241, 246, 42 N. E. 669. However, the question whether such damages as are stipulated in the gross amount fixed for a failure to perform a contract are in the nature of a penalty is one of considerable difficulty, and the authorities upon the subject are replete with contradictions. Nothing can be gained by a review of the numerous cases where the question is discussed. One rule of construction, however, seems established; and that is that the courts are to be governed by the intention of the parties, to be gathered from the language of the contract itself and from the nature of the circumstances of the case. Colwell v. Lawrence, 38 N. Y. 71; Kemp v. Knickerbocker Ice Co., 69 N. Y. 45. In Hosmer v. True, 19 Barb. 106, 109, Johnson, J., says:

"Whether a sum agreed to be paid as damages for the violation of an agreement shall be considered as liquidated damages or only a penalty depends upon the meaning and intent of the parties as gathered from a full view of the provisions of the contract, the terms used to express such intent, and the peculiar circumstances of the subject-matter of the agreement. Dakin v. Williams, 17 Wend. 447; Williams v. Dakin, 22 Wend. 201. The contract in such cases, as in every other, is to govern, and the true inquiry is, what was the undertaking? Whether it was folly or wisdom for the contracting parties thus to bind themselves is of no consequence, if the intention is clear."

Mundy v. Culver, 18 Barb. 336, 338, is authority for the statement that there are various legal rules for ascertaining whether a sum named in a contract to be paid by a defaulting party was intended as liquidated damages or a penalty merely. Among these rules is one, well established by numerous decisions, that when a contract is such that the damages, in case of a violation of it, will be uncertain in their nature and amount, and the parties have stipulated that in the event of a breach a certain sum shall be paid by the party in default as liquidated damages, they will be regarded as having so intended, and that sum will be treated as the measure of damages. Sedgwick on Damages, 421; Holmes v. Holmes, 12 Barb. 137; Dakin v. Williams, supra.

Considering the subject-matter of the agreement in the case at bar, the nature of the transaction that the bond was intended to facilitate, and giving a natural construction to the provisions of the contract and bond in seeking therefrom the intention of the parties, it seems quite clear to me that the defendant Rosoff bound himself to remove certain specified débris within a certain time limitation, and that upon a breach of his obligation both defendants obligated themselves to respond in damages to the plaintiff in such sum, not exceeding $1,000, as he may have been damnified, governed by the proper measure of damages in such cases.

The defendants urge that the plaintiff failed to prove that he suffered any actual damage whatever, as the evidence showed that the premises in question, with the débris thereon, were sold and conveyed to a third person. When the breach of said contract occurred the rights and liabilities of the parties became fixed and determinable. The breach occurred, as found by the jury, 30 days after the date of the contract, when the defendant Rosoff had failed to remove the débris pursuant to contract, and the plaintiff was entitled then to recover damages, to

be measured by the cost of removal of the débris that the defendant Rosoff should have removed. How can a subsequent history of the premises in question affect the rights and obligations of the parties as they then existed? When we regard the fact that this action may have come to trial at the first Trial Term of this court after November 2, 1905 (the date of the joinder of issue herein), and before the premises were sold and conveyed, the fallacy of this proposition becomes apparent. Should the fact that our calendars are congested, and that 2½ years elapsed from the joinder of issue herein till the trial of said issue, narrow the plaintiff's rights or affect the defendants' liability? In the case of Scott v. Haverstraw Clay & Brick Co., 135 N. Y. 141, 31 N. E. 1102, involving the question as to the measure of damages for a breach of a covenant by which the defendant bound itself to leave the surface of a brickyard leased by it in a smooth condition, which condition was necessary in order to manufacture brick successfully in the manner in general use when the contract was made, at page 151 of 135 N. Y., page 1104 of 31 N. E., the court says:

"The fact that since the lease was made other methods for making brick have been devised which rendered this condition of the surface unnecessary does not change the construction to be put upon the covenant, nor the defendant's liability under it."

To the same effect is Appleton v. Marx, 191 N. Y. 81, 83 N. E. 563. The question raised by the defendant as to the sufficiency of the evidence as to the quantity of débris other than old mortar and cement left upon the premises is answered by the fact that the evidence on this element of the case was submitted to the jury, who found by their verdict what proportion of the unremoved débris was other than old mortar and cement. Assuming, for the sake of argument, that the evidence on this proposition was meager, the jury passed upon the credibility of the witness on this point and the probability of his evidence, and found the facts substantially to be as testified to. There is sufficient, in my opinion, to support the verdict, and I am loath to disturb it.

Motion to set aside the verdict and for a new trial denied. The defendants may have 10 days' stay of execution after notice of entry of judgment, and 30 days to make and serve a case.