HERBERT P. AYERS, Appellant, *v.* MERTON S. HOUSTON, Respondent.

Third Department, July 8, 1920.

Contracts — penalty — contract for exchange of real estate construed to provide for payment of penalty and not liquidated damages — acceptance of return of payment on contract as consent to cancellation.

Whether a fixed sum, stipulated to be paid for the non-performance of a contract, possesses the character of an unenforcible penalty or of liquidated damages depends upon the purpose of the parties.

A stipulation in a contract that if the parties fail to perform " all of the agreements herein contained, the said party so failing shall forfeit to the other the sum of $500.00 as liquidated damages " provides for the payment of a penalty and not liquidated damages, where the contract itself was for the sale of a farm and certain farm produce at a stated price, and the payment of a certain sum of money, in exchange for other real property and a bond and mortgage.

The acceptance by the plaintiff of a return from the defendant of the first payment, the payment of which was a condition precedent to be performed before the defendant became liable, amounted to a consent that the contract be canceled.

APPEAL by the plaintiff, Herbert P. Ayers, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Chemung on the 31st day of May, 1919, dismissing the complaint upon the merits, both parties having moved for a directed verdict and the jury having been dismissed.

*Charles C. Annabel* [*James O. Sebring* of counsel], for the appellant.

*Frederick E. Hawkes,* for the respondent.

H. T. KELLOGG, J.:

This is an action to recover damages for the breach of a contract to convey real estate. The plaintiff agreed to sell the defendant a farm which the parties in express terms valued at the sum of $4,500; to turn over to the defendant the

Third Department, July, 1920.　　　　　[Vol. 193.

farm produce valued at $280; to pay $620 within one day of the execution of the contract; to pay the further sum of $700 when the parties were ready to exchange abstracts of title. The defendant agreed to convey to the plaintiff ten village lots which the parties valued at $3,500; to assign to the plaintiff a bond and mortgage owned by the defendant which secured the payment of the sum of $2,600. It was also agreed that if the plaintiff was not satisfied with the property, upon which the mortgage to be assigned was a lien, the defendant would execute a mortgage upon the land to be conveyed to him to secure the payment of an equal sum. The plaintiff paid the $620 in cash called for by the contract. Thereafter the defendant wrote to the plaintiff a letter repudiating the agreement. Among other things he wrote: " So when you come down, your money you gave me will be at Mr. Hoagland's office & we will close the deal." The plaintiff promptly called at the appointed place where he received a check made by the defendant to his order for the sum of $620. The plaintiff subsequently cashed this check and used the money received therefrom. On the trial of the action the plaintiff introduced no evidence in relation to damages suffered but relied exclusively upon a term of the contract relating to damages which is as follows: " It is further agreed that should either of the parties hereto fail to perform all of the agreements herein contained, the said party so failing shall forfeit to the other the sum of $500.00 as liquidated damages." The defendant introduced testimony to the effect that the real estate of the plaintiff was worth the valuation placed upon it by the agreement, while the real estate of the defendant was worth from $2,500 to $2,800 rather than the $3,500 which had been agreed upon as its value. In other words, the defendant proved that so far as actual damages were concerned the plaintiff was not injured by the refusal of the defendant to perform the contract, but on the contrary was benefited in at least the sum of $700. The trial court dismissed the complaint of the plaintiff upon the merits on the ground that the sum stipulated to be paid for a default was a penalty and there was no proof of actual damage. From the judgment of dismissal this appeal was taken.

Whether a fixed sum, stipulated to be paid for the non-performance of a contract, enjoys the character of an unen-

forcible penalty on the one hand, or of liquidated damages on the other, depends upon the purpose of the parties. (*Ward* v. *H. R. B. Co.*, 125 N. Y. 230; *Curtis* v. *Van Bergh*, 161 id. 47; *Caesar* v. *Rubinson*, 174 id. 492.) The fact that the stipulated sum bears the designation " liquidated damages " is not at all convincing. (*Ward* v. *H. R. B. Co., supra; Caesar* v. *Rubinson, supra.*) Were it otherwise the undesirable result would follow that the prohibition against a penalty might readily be avoided. Of such a contingency it was said by COWEN, J., in *Hoag* v. *McGinnis* (22 Wend. 166): " To allow of the use of penalties as damages, at the unlimited discretion of the parties, would lead to the most terrible oppression in pecuniary dealings." However, if the word " forfeiture " or " penalty " is used the designation cannot have been intended to disguise the true nature of the stipulation, and its use is frequently regarded as controlling. Thus it was said in *Colwell* v. *Lawrence* (38 N. Y. 77): " The contract declares this provision to be a ' forfeiture.' It must, then, be so construed, and the parties be deemed to have so intended, unless the agreement plainly indicates the contrary. The general rule requires that what the parties themselves prescribed as a forfeiture, shall be so treated." In *Laurea* v. *Bernauer* (33 Hun, 307) a contract contained the clause: " Either party failing to comply with this agreement shall *forfeit* to the other the sum of one thousand dollars." The court said: " The parties call the sum a forfeit, and thus clearly indicate their intention to make it a penalty." Another circumstance which may compel the conclusion that the parties to a contract intend a forfeiture rather than liquidated damages is the existence of a substantial disproportion between the stipulated sum and the actual damage which will probably arise. (*Ward* v. *H. R. B. Co., supra; Caesar* v. *Rubinson, supra; Mosler Safe Co.* v. *Maiden Lane S. D. Co.*, 199 N. Y. 485.) It has also been said that in the interpretation of a contract the construction is favored that a penalty rather than liquidated damages is intended. Thus it was said by COWEN, J. (in *Hoag* v. *McGinnis, supra*): " I do not think that penalties like this (for they are seldom anything other than penalties) should be favored; " by SHAW, J. (in *Shute* v. *Taylor*, 5 Metc. 61): " In general, it is the tendency and preference of the law, to regard

a sum, stated to be payable if a contract is not fulfilled, as a penalty and not as liquidated damages; " by Corpus Juris (Vol. 17 at p. 937): " Where it is doubtful whether a provision should be deemed for a penalty or for liquidated damages, the courts incline to regard it as for a penalty." The principles thus set forth are applicable in the case before us.

The provisions of the contract in relation to the transfer of a mortgage, the turning over of farm produce, and the payment of moneys, were clearly inserted for no other purpose than to balance a trade, the sole object of which was the exchange of farm land for village lots. Each party to an ordinary trade, whether of chattels or of real estate, undoubtedly expects to better himself thereby. Since each will sincerely believe that the other is getting the worse of the bargain, the instance will be rare when either party will honestly consider that his own default will cause substantial damage. The instance will be still rarer where each will believe that no matter which party may default an identical sum will in either case accurately measure the loss which will be sustained. In our case the minds of the parties agreed that the plaintiff's farm was worth $4,500, that the defendant's lots were worth $3,500, and that the payments to be made exactly balanced the differing values of the things exchanged. As they in express terms agreed that the exchange for all financial purposes was an even trade it cannot be thought that either of them in good faith believed that the sum of $500 would fittingly compensate for non-performance, no matter which party might make default. Moreover, the express words of the parties indicate that they had in mind to impose a penalty, for they have said that " the said party so failing shall *forfeit* * * * the sum of $500.00." There is an additional reason which leads to this conclusion. The stipulated sum is to be paid if " either of the parties hereto fail to perform *all* of the agreements herein contained." If, in pursuance of the contract, the plaintiff had conveyed his farm to the defendant and paid him the sums of money agreed upon, but had not delivered to him the produce on the farm, the value of which was estimated at $280, he would, under the terms of this agreement, have become liable to pay to the defendant, not the value of that produce, but the greater sum of $500. On the other hand,

if the defendant failed to assign the $2,600 mortgage the plaintiff might recover only an inadequate sum. Prospectively, therefore, the contract contemplated the payment for a possible breach of a sum of money wholly disproportionate to a damage which might result therefrom. In *Lampman* v. *Cochran* (16 N. Y. 275) the head note, which correctly states the gist of the decision, reads: " a sum specifically named in a written agreement ' as liquidated damages ' in case either party should fail to perform the contract, must nevertheless be construed as a penalty, where, upon the face of the instrument, it appears that such sum will necessarily be an inadequate compensation for the breach of some of the provisions and more than enough for the breach of others." In *Staples* v. *Parker* (41 Barb. 648) the plaintiff agreed to sell a farm together with many items of personal property thereon. It was held that a stipulation for the payment of $1,000 of damages for any failure to perform the contract was a provision for a penalty, since under the terms of the contract that sum would become payable even for the failure of the plaintiff to deliver such insignificant items as milk pails or pitch forks, which were in part the subject of the contract. The court said: " The parties could not have intended such extravagant and absurd results. In this view, they must have regarded the sum named as a penalty rather than fixed and liquidated damages." For all these reasons it seems to us that the stated sum constituted a penalty and not liquidated damages. We also believe that in accepting a return from the defendant of the sum of $620, the payment of which was a condition precedent to be performed before the defendant became liable, the plaintiff consented to a cancellation of the contract. He had no right to a return of this money unless he elected to treat the contract as rescinded. Through accepting it he has had benefits as for a rescission, and he cannot also have the inconsistent benefit which would arise from enforcing the obligations of the contract. Therefore, the dismissal seems to us to have been right.

The judgment should be affirmed.

All concur, JOHN M. KELLOGG, P. J., in the result.

Judgment affirmed, with costs.