## SPEAR *vs.* SMITH.

A submission to arbitration provided that the arbitrators should determine what damages either party should pay to the other, and contained a clause to the effect that the party who should refuse to abide the award should pay to the other one hundred dollars "as the ascertained and liquidated damages;" the arbitrators having awarded to the plaintiff $10,40, *held* that the one hundred dollars was a *penalty*, and that only the amount awarded could be recovered.

ERROR to Monroe C. P., where Smith sued Spear and declared in debt for $100 on a written submission to arbitration. By the submission, the defendant agreed to give up to the plaintiff the possession of certain property concerning which there was a contract between the parties, and the arbitrators were to decide what damages either party should have in consequence of the non-fulfilment of the contract; and on account of certain other matters of small importance. The submission contained the following clause : " I the said Moses Smith agree to pay to the said William W. Spear the sum of one hundred dollars as the *ascertained and liquidated* damages if I shall refuse to abide their [the arbitrators'] decision: and I the said William W. Spear agree to pay the like sum to said Smith as *ascertained and liquidated* damages if I shall refuse to abide such decision." The arbitrators awarded that the defendant should pay the plaintiff $10,40 by a specified day. The defendant failed to pay the $10,40 by the day ; and he had not given possession in pursuance of the agreement. The court decided that the plaintiff was entitled to recover $100 as liquidated damages, and judgment was rendered accordingly. The defendant brings error on a bill of exceptions.

*F. M. Haight,* for the plaintiff in error, cited 5 *Cowen,* 149 ; 22 *Wend.* 163 ; 26 *id,* 630 ; 2 *Poth.* 74, 75.

*H. R. Selden,* for the defendant in error, cited 7 *John.* 72 ; 15 *id.* 200 ; 4 *Wend.* 468 ; 13 *id.* 587 ; 17 *id.* 447.

Spear v. Smith.

*By the Court,* BRONSON, Ch. J. Where there is an agreement to pay a gross sum in the event of the non-performance of a contract, and the case is such that a jury can ascertain with reasonable certainty how much damages the injured party has actually sustained by the non-performance, there the courts are strongly inclined to regard the gross sum as a penalty, and not as liquidated damages. (*Hoag* v. *McGinnis,* 22 *Wend.* 163; *Kemble* v. *Farren,* 6 *Bing.* 141; *Dakin* v. *Williams,* 17 *Wend.* 447.) Here the arbitrators were to do nothing but determine how much damages should be paid by one party to the other. In an action on the submission there could be no difficulty in saying how much damages had been sustained by the neglect or refusal to abide the award. It would be the sum awarded with interest. I think the gross sum of one hundred dollars was inserted *in terrorem;* and not as the amount to be actually paid, any more than the sum mentioned in the penal part of a common bond.(*a*) The defendant would have been bound to pay the sum awarded, though it had greatly exceeded the one hundred dollars; and I think he is only bound to pay the sum awarded, though it is less than the one hundred dollars.

Judgment reversed.

(*a*) The submission in this case appears to have authorized only an award for the payment of money. In *Burgess* v. *Tucker,* (5 *J. R.* 105,) a bond conditioned to perform an award, where the payment of a sum less than the penalty was awarded, was regarded in reference to the statute of set-off as a bond for the payment of money only; and where the payment of a smaller sum is secured by a greater, the larger amount will always be considered as a penalty, whatever language the parties may have used. (*Astley* v. *Weldon,* 2 *Bos. & Pul.* 346; *Dakin* v. *Williams,* 17 *Wend.* 447, *per Nelson, C. J.*)