Duer, J.
The only ground of this demurrer is, that although the agreement set forth in the complaint liquidates the damages to be recovered for a breach, at a fixed sum, yet the plaintiff demands judgment for a much larger amount, and it was insisted, that whether the sum mentioned in the agreement be considered as liquidated damages, or as a penalty, the objection is equally fatal.
I am, however, clearly of opinion, that this objection to the plaintiff’s claim, if admitted to be valid, cannot be raised by a demurrer. The only grounds of demurrer to a complaint are those which are enumerated in § 144 of the code, and it is admitted that it is only to the last subdivision in that section that the cause which is here assigned, by any possible construction can be referred. But this construction, if possible, is faiteo refined and strained to be adopted. I cannot say that the complaint does not “ state facts sufficient to constitute a cause of action.” The complaint sets forth a valid agreement and assigns a positive breach, and these are all the facts that are necessary to be proved to entitle the plaintiff to recover. Whether he can be allowed to prove damagés exceeding the sum stipulated in the agreement, it may be admitted is a question of law, but as it is á question which respects the event, and not the cause of the action, it can be raised only upon the trial.
In compliance, however, with the wishes of the counsel I have examined the question, and shall briefly state the conclusions to which I have been led. If the sum mentioned in the agreement must be regarded as liquidated damages, in the proper sense of the term, as distinguished from a .penalty, the plaintiff will be entitled to recover the whole sum, without any other proof than *644 that of the breach which he has assigned, but to that sum- his recovery will be limited. He will not be allowed to give evidence of an actual loss to a larger amount. Liquidated damages, when a breach is proved to which they apply, are a positive debt, and as such, they exclude, on both sides, the consideration and the proof of actual damage. It is not always, however, that damages are to be construed as liquidated, because the parties have declared them to be so. The language of the parties to this agreement is clear and emphatic, that the sum of £3,000 shall be recoverable from the party making default as and for liquidated damages, yet no court of justice, wi thout an entire disregard of prior decisions, can give effect to the apparent intention of the parties, by adopting that construction of their agreement, which the terms they have used so forcibly suggest. The law is settled, that however strong may be the expressions used, liquidated damages must be construed, not as a debt, but as a mere penalty, in all cases where the agreement contains various stipulations, differing in importance, and it is to each an-d all of them that the damages apply ; and in all cases when, if construed as a debt, they would compel the payment of a larger sum for a default in the payment of a smaller. Each of these rules of construction is applicable to the present agreement; construing the sum of £3,000 as a debt necessarily accruing upon a breach, the plaintiff would have been bound to pay that sum for his refusal or neglect to purchase a single dress that the defendant might properly have required, and the defendant would have been liable to the same extent for her refusal to sing at a single concert. When consequences so unreasonable would follow, the law presumes that they must have been overlooked by the parties, and therefore mercifully gives to their'language an interpretation, which excludes them. When it would be plainly unconscientious to exact a large sum for a trivial breach, even a court of law, acting upon a principle of equity, will release the parties from the literal obligation which their language imports. The leading cases are : Astley v. Weldon, 2 Bos. & Pul. 346; Kemble v. Farren, 6 Bing. 141, and Boys v. Ancell, 5 Bing. N. C. 390. Kemble v. Farren was an action by the manager of Drury Lane Theatre, against a celebrated *645 actor, for a breach of his articles of engagement, and the case in all its material circumstances, is not distinguishable from the present.
When liquidated damages must be construed, as a penalty, the consequences are the same as when a penalty is in terms expressed. Before the code, the plaintiff, in these cases, had an election to bring an action of debt for the penalty, or an action of covenant, or, where the agreement was not under seal, of assumpsit, for his damages. In the first case, he could recover no more than the penalty with interest, but in the second, the damages proved, however largely they might exceed the penalty, were those to which he was entitled. In entering judgment the penalty was wholly disregarded (Bird v. Randall, 1 Burr, 373; Wassler v. Trimmer, 1 Black, 395; Harrison v. Wright, 13 East. 343).
As all distinctions resulting merely from the form of the action are now abolished, it appears to be a necessary consequence that, as a general rule, every action for the breach of an executory contract, whether the agreement contains a penalty or not, must be considered as an action for damages, in which the amount of the recovery will be limited only by the proof, and by the sum for which judgment is demanded in the complaint. The only exception will be, when from the nature of the contract, and the terms in which it is expressed, damages, as liquidated by the parties, may be justly treated, not as a penalty, but as a contingent debt, for this is- a distinction in law which the code has not abolished nor affected. It is true, that upon this construction the insertion of a penalty in an agreement is a useless form, but this is no alteration of the law, since, for more than a century past, such has been its real character.
The demurrer is overruled with costs, but the defendant upon payment of costs may withdraw it within twenty days and answer.