By the Court,
Robertson Ch. J.
The complaint in this case was dismissed on the trial, undoubtedly, on the ground that it showed no right to recover the liquidated damages claimed by the plaintiffs’ counsel in his opening. In this the court would probably have been right, if the complaint showed no other cause of action. By the terms of the agreement set out in such complaint, no other act was required to be performed by the plaintiff but the payment of money. So that the clause as to liquidated damages, as to him, could only be construed as a penalty. (Bagley v. Peddie, 16 N. Y. Rep. 469. Beale v. Hayes, 5 Sandf. 640. Lampman v. Cochran, *720 16 N. Y. Rep. 275.) And could not be construed differently as to the defendants. (See Lampman v. Cochran, ubi sup.)
But the complaint did show a good cause of action in the agreement therein set forth and its breach, and even averred special damages thereby. The fault committed by the plaintiffs’ counsel in his opening, of claiming liquidated damages only, was forthwith repaired, by stating his ability to prove the special damages, and asking leave to amend the demand of relief in his complaint for that purpose, if necessary, the moment it was brought to his attention by the motion of the counsel for the defendants. He had as yet no opportunity of offering any evidence, so that if the dismissal was not sustained by an inherent vice in the complaint, it was erroneous. If the opening of the plaintiffs’ counsel, in stating an untenable point of law, to wit, that he was entitled to the sum fixed as liquidated damages, could be relied on, in case he adhered to it, to sustain such dismissal, its abandonment as soon as made relieves the case of that difficulty.
The prayer for relief becomes of course wholly immaterial after the defendant has answered ; the plaintiff being entitled to any which the case made in his complaint warrants. (Code, § 275.) The dismissal of the complaint was therefore erroneous, and there must be a new trial,