JOSEPH COLWELL, RESPONDENT, *v.* HERBERT LAW-
RENCE, JR., ET AL., APPELLANTS.

*Contract—Parol Evidence—Findings of Fact—Liquidated Damages.*

It is not competent to explain, vary or alter the effect of a written agree-
ment by parol evidence. Nor is it competent with such a view, to inquire
into prior or contemporaneous negotiations of the parties.

If the referee does not find sufficiently the facts claimed to be in issue, it is
the duty of counsel at the time to require it, and, if necessary, seek the aid of
the Court below to compel it. But failing to do so, the Appellate Court can
give no aid where it is claimed the findings are not sufficiently full.

THIS was an action brought by the assignee of an insolvent firm
to recover money for work done by the assignors for the Defend-
ants, under a contract to build and complete two steam engines,
on a boat of the Defendants, and extras connected therewith, and
for other work done of the same character, for which the Plaintiff
claimed a balance of $3,347.37. The Defendants set up a counter-
claim of various items. The case was referred, and the referee
reported in favor of the Plaintiff for $1,255.40, for which amount
judgment was entered.

The facts, so far as material, and the exceptions taken, are
noticed in the opinion. The Defendants appealed to the General
Term of the Supreme Court, in the First District, and the judgment
was affirmed, and an appeal was taken to this Court.

*James Clark* for Appellants.

*D. McMahon* for Respondent.

MILLER, J.—It is insisted that the referee erred in not awarding
damages to the Defendants by way of recoupment, or set-off to the
Plaintiff's demand, for the negligent and unskilful construction of
the engines·built, and in failing to make a decision upon the issue
joined in reference to said damages.

The referee has made no special finding as to this claim,
was there any request to make any such finding; but he

allowed an offset of $781.68 to the Defendants. It does not appear of what items this amount is composed, nor is it very material, in my opinion, as the evidence as to the amount of the Defendants' set-off, including this claim for damages, was conflicting, and presented questions of fact for the consideration of the referee, which he has disposed of in his decision, and with which we are not at liberty to interfere. Questions of fact, on affirmance below, are not properly before this Court, and the Appellants, under the adjudications heretofore made, cannot urge that the report of the referee was erroneous as to the facts (Metcalf *v.* Mattisons, 32 N. Y. 464; Doty *v.* Carolus, 31 N. Y. 547; Wilcox *v.* Hawley, 31 N. Y. 648; Petersen *v.* Rawson, 34 N. Y. 370).

No exception was taken to the ruling of the referee, admitting the question put to one of the witnesses, whether the specification called for connecting the engines by a centre shaft. I think, however, that the question was a proper one. The witness was an expert, and the subject of inquiry was in regard to a matter which was not familiar to the Court. He looked at the diagram of the engine, the contract and specifications, and gave an opinion to explain technical terms in the contract, and the meaning of provisions contained in the specifications which were properly susceptible of explanation in this manner. Such evidence, I think, was clearly admissible (Smith *v.* Gugerty, 4 Barb. 614; the R. & S. R. R. Co. *v.* Budlong, 10 How. 289; Curtis *v.* Gano, 26 N. Y. 426).

I also think that the referee properly excluded evidence of what occurred between the parties prior to and at the time of making the contract. The rule is well settled, that all conversations had prior to the execution of a written instrument, become merged in the instrument, when executed. There was nothing in the offer to show that the testimony was intended to explain what was otherwise obscure, or unintelligible, and that such explanation was not inconsistent with the written contract (1 Gr. Ev. § 282), nor that the facts and circumstances under which the contract was made would give any light in the interpretation of the instrument (1 Gr. Ev. § 287). Neither was it offered to explain a latent am-

biguity (id. 297). If the evidence was in any respect admissible, and the referee erred in excluding it, I am inclined to think that the difficulty was obviated by the withdrawal afterwards, on the part of the Plaintiff, of all objections to testimony of a similar character which was offered by the Defendants.

It is further insisted by the Defendants' counsel, that the stipulation in the contract, to the effect that the engines were to be completed and ready on or before the fifteenth day of October, 1857, under a forfeiture of one hundred dollars a day after the above day, until they were completed, which was on the fourteenth day of February afterwards, provided for liquidated damages, and the referee erred in not allowing those damages, at the rate of one hundred dollars a day. A point is taken by the Plaintiff's counsel, that the Appellants are not in condition to raise this question of damages on this appeal, because, as a question of fact, the affirmance of the referee's report by the General Term is conclusive; and as a question of law, no request was made to the referee to rule on this point or to find as a matter of law; and no specific exception was taken to the findings of the referee for disallowing this item. Without discussing the validity of these objections, I am of the opinion that this was not a case for the allowance of the forfeiture named in the contract as liquidated damages.

The question whether such damages as are stipulated in the gross amount fixed for a failure to perform a contract is in the nature of a penalty, is one of considerable difficulty, and the authorities upon the subject are replete with contradictions. It is not necessary to review the various cases where the question is discussed, and it is enough to refer briefly to some of the principles by which cases of this character are to be determined. One of the rules of construction established is, that the Courts are to be governed by the intention of the parties, to be gathered from the language of the contract itself, and from the nature and circumstances of the case (Cotheal *v.* Talmage, 5 Seld. 554; Crisdee *v.* Bolton, 3 Car. and P. 240); and in all the cases, the Courts have treated it as a question as to the intention of the parties (Reynolds *v.* Bridge, 37 Eng. L. &. Eq. 130). Having in view this rule, it is scarcely

to be supposed that the parties intended to fix an amount so extravagant, and which would be, if allowed as claimed, so grossly disproportionate to the actual damages, as liquidated damages for so trivial an omission or delay, and I cannot discover any sufficient and satisfactory reason for any such inference or conclusion. Nor is any such intention to be presumed upon the hypothesis that the damages resulting from a breach of this contract would be of such an uncertain amount as to be incapable of proof, and that it would be difficult to show the nature of the injury caused, and the actual damages arising from the delay.

It may also be observed that the language of the contract itself militates against any such theory. Not a single word is said about liquidated damages, and the word "forfeiture," which is equivalent to a penalty, is used, which manifests that a penalty was intended. Nor should it be overlooked that many of the cases decided sustain the doctrine, that, even where the term liquidated damages is incorporated in the instrument, the gross amount fixed is in the nature of a penalty (1 Hoag *v.* McGinnis, 22 Wend. 165 ; Spear *v.* Smith, 1 Denio, 464 ; Bagley *v.* Peddie, 16 N. Y. 469 ; Lampman *v.* Cochran, 16 id. 275 ; Staples *v.* Parker, 41 Barb. 648).

Another view may also be invoked, and, I think, is applicable to the present case, and that is, that there is sometimes plausible ground for withholding the doctrine of liquidated damages, when the party might be responsible for the whole amount of damages for the breach of an unimportant part of a contract, and so be made to pay a sum by way of damages grossly disproportionate to the injury sustained (5 Seld. 557, before cited ; Clement *v.* Cash, 12 N. Y. 253). Looking, then, at this provision of the contract as it stands, with all the difficulties in the way of its construction with which the numerous authorities on the subject invest it, and considering the severe consequences which would accrue from a strict and rigid enforcement of its conditions, and with very much to show a different intention, I am constrained to hold that there is not such a clear expression of the intent of the parties as would

warrant the conclusion that the amount named was designed as liquidated damages.

The views I have expressed dispose of all the questions presented, and the judgment of the General Term must be affirmed.

WOODRUFF, J.—The only exception which appears to have been taken by the Appellants to the ruling of the referee in receiving or rejecting evidence, was to his sustaining the Plaintiff's objections to proof of the oral negotiations and conversations between the parties prior to and at the time of the making of the contract in suit.

The rule is too familiar to be questioned, that it is not competent to alter, vary, or affect the obligations created by a written agreement by evidence of the contemporaneous or prior negotiations of the parties. The questions which were objected to called for all that took place. In every possible view of the subject such a question was properly excluded. If it had been proposed to show a distinct collateral agreement not embraced in the terms of the contract, a different question would arise ; but there was no such claim or pretence. If the terms of the agreement were ambiguous in their application to the subject-matter, it might be competent to show what was before the minds of the parties, but no such ambiguity existed. The terms of the written agreement prescribed certain particulars, and in respect to what was not specified. The engines agreed to be built were to be unsurpassed by any steamboat engines of their class, and guaranteed to propel a boat of dimensions stated, at a speed mentioned. It is clear that, except in the particulars stated, the details of the construction were left to the judgment of the builders, and no evidence of parol agreements inconsistent with this was admissible. But there is in truth no foundation whatever for the exception. The Plaintiff's counsel withdrew his objections, and the witness testified, at great length, to his interviews with the Plaintiff, and what took place between them, from the moment when the proposition to build was first made, down to the time when the steamboat went to Havana.

The other exceptions are chiefly addressed to the findings of fact, which are not the subject of review in this Court, in the form presented by the present case. Had the Supreme Court deemed it their duty to reverse the judgment upon questions of fact, and so stated in the order of reversal, the present law gives this Court jurisdiction to review such questions.

The Appellants' counsel, in his argument, has taken a much wider range, and asks us to reverse because the referee has *not found* or passed upon various matters which, he claims, were in issue. If he desired a more full or specified finding he should have required it, and, if necessary, have sought the aid of the Court below to that end.

It is not within the jurisdiction of this Court to examine the case except upon the facts found, and if there was no error in law committed, assuming the facts to be as found by the referee, we have no other alternative but to affirm the judgment. Whether, upon a request to find upon issues or questions deemed material, and a refusal by the referee to find either way, an exception will lie which would be available in this Court, was left undecided in Grant *v.* Morse (22 N. Y. 323), and the question does not arise here, for the case does not show that the Appellant derived, or has in any manner sought or requested, any other or further findings than are contained in the report of the referee.

Upon the facts found, the conclusions of law stated by the referee are inevitable, unless, as matter of law, it be true that it appears by such findings that the Defendants were entitled to be allowed $100 per day, as liquidated damages for the contractor's delay in completing the engines contracted for, so far as necessary to extinguish all claims by the Plaintiff's assignors. The contract bore date May 28th, 1857, and in terms required the Plaintiff's assignors to build and place on board a steamboat, to be furnished by the Defendants, two steam-engines of the description specified, for the price of $8,000, "and to have the same completed, ready for steam, on or before the 15th October next, under a forfeiture of one hundred dollars per day for each and every day after the above date, until the same is completed as above."

The referee has found that the work so agreed to be done was not completed until about the middle of February, 1858—120 days after the day mentioned for its completion. It does not appear by any distinct specification in the referee's report whether he allowed anything to the Defendants for damages by reason of the delay, or whether any damages were proved by them to have been sustained. The proper inference is, that if any were proved they were allowed.

But it is quite clear that one hundred dollars per day, or $12,000, were not allowed, else it would have extinguished all claims by the Plaintiff.

I think that in this there is no error.

First. The contract declares this provision to be a "*forfeiture.*"

It must then be so construed, and the parties be deemed to have so intended, unless the agreement plainly indicates the contrary. The general rule requires that what the parties themselves prescribed as a forfeiture shall be so treated.

The agreement in this case does not clearly indicate the contrary. The engines were to be built and put up complete to the satisfaction of the Defendants, or other competent judges. The forfeit, or penalty as such, was appropriate to compel the Plaintiff to supply or remedy the slightest deficiency, but by no means indicated that a slight defect, easily and at small expense supplied, was to be compensated, and no more than compensated, at one hundred dollars per day. .

Second. The report of the referee shows that the parties themselves either treated this provision of the contract as not providing a sum certain as liquidated damages, or, for reasons satisfactory to themselves, waived performance according to the letter of the contract.

On the 27th December—seventy-two days after the expiration of the term limited by the contract for the completion of the work —they adjusted the amount due to the assignors of the Plaintiff at $9,676.34,—recognizing the right of the contractors, notwithstanding the delay, to the full contract price, and to payment for extra work beyond that price. This plainly indicated either that

the sum mentioned as a forfeiture was a mere penalty, and the delay was without actual damage to the Defendants, or that such penalty or forfeiture had been waived by reason of alteration. or extra work.

Third. If the question whether the one hundred dollars per day was intended by the parties as liquidated damages, or a penalty, depended upon facts extrinsic the contract itself—as upon the relation of the Defendants to the subject; their possible engagements to other parties; the value of the use of the completed engines, or other circumstances known to the parties when the contract was made; and in view of which the agreement was entered into—these were subjects of proof on the trial; and the finding of the referee, so far as it could properly be affected by such circumstances, must be regarded as a finding of facts, and conclusive. It is a matter of some satisfaction to me (though not within our province to investigate, because a mere question of fact), that the Defendants appear by the evidence to have collected from the party by whom they were employed to build the steamboat, the whole bill, and even more than has been awarded to the Plaintiff in this action.

The judgment should be affirmed.

All affirm.

JOEL TIFFANY,
State Reporter.
