## LIOTTA v. ABRUZZO.

(Supreme Court, Appellate Division, Second Department. April 24, 1903.)

1. CONTRACTS—SALE OF BUSINESS—GOOD WILL—LIQUIDATED DAMAGES.
     Plaintiff purchased defendant's barber shop for $475, and, as a part of the bill of sale, defendant agreed not to start or work in any other barber shop within five blocks from the location of the shop sold, "under penalty of a fine of $300." *Held*, that such provision should be construed as liquidated damages, and not as a penalty.

Appeal from Trial Term, Kings County.

Action by Silvestro Liotta against Liborio Abruzzo. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

De Witt C. Hayes, for appellant.
Joseph G. Giambalvo, for respondent.

WOODWARD, J. The plaintiff purchased of the defendant a certain barber shop, paying $475 for the same. To the bill of sale was attached a schedule of the property, and the following:

"I, Liborio Abruzzo hereby agree of not star or work in any other babar shop in five block from the said barshop sold to Silvestro Liotto at 201 Nassau Ave under penalty of a fine of $300."

The case was, by agreement, submitted to the trial court, without a jury; it being stipulated that the defendant had started a barber shop within the limits mentioned. It was understood that, if the court construed the agreement to be for liquidated damages, the judgment

¶ 1. See Damages, vol. 15, Cent. Dig. §§ 160, 166, 172.

should be in favor of the plaintiff, while, if construed as a penalty, judgment should be entered for the defendant. It is well established that the use of the word "penalty" is not necessarily conclusive; that the facts and circumstances of a given case may be taken into consideration for the purpose of determining what the parties intended by the use of the word (Ward v. H. R. B. Co., 125 N. Y. 230, 234, 235, 26 N. E. 256), and where they have stipulated for a payment of liquidated damages, which are in their nature uncertain and unascertainable with exactness, and may be dependent upon extrinsic considerations and circumstances, and the amount is not, on the face of the contract, out of all proportion to the probable loss, it will be treated as liquidated damages (Ward v. H. R. B. Co., supra). Obviously it would be very difficult for the plaintiff to establish the amount of his damages, due to the defendant opening a barber shop in his immediate vicinity, and yet it may be assumed that the price which the plaintiff paid for the business which he purchased of the defendant was fixed upon the basis of the agreement of the latter to refrain from opening a competing shop within a stated distance of the original stand. Under such circumstances, it would seem to be proper that the defendant should be held to have contemplated the sum named as a penalty to be liquidated damages. The price paid for the shop was $475, and the fact that the parties entered into an agreement such as is set out above indicates that a considerable portion of the purchase price was based upon the good will of the business; and, as the plaintiff is practically without a remedy if this contract is construed as a penalty, we reach the conclusion that the judgment should be reversed. This result seems to be in harmony with the principle recognized in Colwell v. Lawrence, 38 N. Y. 71, 74, and Ward v. H. R. B. Co., supra, and with the general rules of fair dealing between man and man.

The judgment appealed from should be reversed, and a new trial granted; costs to abide the event. All concur.