SILVESTRO LIOTTA, Appellant, v. LIBORIO ABRUZZO, Respondent.

*Contract for the sale of a barber shop — a provision not to work within five blocks "under penalty of a fine of $300" is one for liquidated damages.*

The use of the word "penalty" in a contract is not necessarily conclusive upon the question whether the provision imposes a penalty or is an agreement for "liquidated damages." The facts and circumstances of the case may be considered for the purpose of determining what the parties intended by the use of the word.

A provision in a contract for the sale of a barber shop for the sum of $475, by which the vendor agreed, "under penalty of a fine of $300," not to start, or work, in any other barber shop within five blocks from the barber shop sold by him, is a provision for liquidated damages and not for a penalty.

APPEAL by the plaintiff, Silvestro Liotta, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 11th day of January, 1902, upon the decision of the court rendered after a trial at the Kings County Trial Term, a jury having been waived, dismissing the complaint upon the merits.

*De Witt C. Hayes* and *J. Stewart Ross,* for the appellant.

*Joseph G. Giambalvo,* for the respondent.

WOODWARD, J.:

The plaintiff purchased of the defendant a certain barber shop, paying $475 for the same. To the bill of sale was attached a schedule of the property, and the following: " I, Liborio Abruzzo hereby agree of not star or work in any other barbar shop in five block from the said barshop sold to Silvestro Liotta at 201 Nassau Avenue under penalty of a fine of $300."

The case was, by agreement, submitted to the trial court, without a jury, it being stipulated that the defendant had started a barber shop within the limits mentioned. It was understood that if the

court construed the agreement to be for liquidated damages the judgment should be in favor of the plaintiff, while if construed as a penalty, judgment should be entered for the defendant. It is well established that the use of the word "penalty" is not necessarily conclusive; that the facts and circumstances of a given case may be taken into consideration for the purpose of determining what the parties intended by the use of the word (*Ward* v. *H. R. B. Co.,* 125 N. Y. 230, 234, 235), and where they have stipulated for a payment of liquidated damages, which are in their nature uncertain and unascertainable with exactness, and may be dependent upon extrinsic considerations and circumstances, and the amount is not, on the face of the contract, out of all proportion to the probable loss, it will be treated as liquidated damages. (*Ward* v. *H. R. B. Co., supra.*) Obviously it would be very difficult for the plaintiff to establish the amount of his damages, due to the defendant opening a barber shop in his immediate vicinity, and yet it may be assumed that the price which the plaintiff paid for the business which he purchased of the defendant was fixed upon the basis of the agreement of the latter to refrain from opening a competing shop within a stated distance of the original stand. Under such circumstances it would seem to be proper that the defendant should be held to have contemplated the sum named as a penalty to be liquidated damages. The price paid for the shop was $475, and the fact that the parties entered into an agreement such as is set out above indicates that a considerable portion of the purchase price was based upon the good will of the business, and as the plaintiff is practically without a remedy if this contract is construed as a penalty, we reach the conclusion that the judgment should be reversed. This result seems to be in harmony with the principle recognized in *Colwell* v. *Lawrence* (38 N. Y. 71, 74) and *Ward* v. *H. R. B. Co.* (*supra*), and with the general rules of fair dealing between man and man.

The judgment appealed from should be reversed and a new trial granted, costs to abide the event.

GOODRICH, P. J., BARTLETT, HIRSCHBERG and JENKS, JJ., concurred.

Judgment reversed and new trial granted, costs to abide the event.